Thank you, Your Honor. May it please the Court, I'm Robert Jobe, and I'm appearing today on behalf of the petitioner Hoshiyar Singh. Eight months before the B.I. denied his asylum appeal, Mr. Singh married a United States citizen. Because he'd entered this country with having been inspected and admitted, he had no criminal history. He was eligible to apply for adjustment of status at that point. But to do so, he needed to file a motion to remand or a motion to reopen with the Board of Immigration Appeals. And he had to do that within 90 days of the Board's decision, which was February 1, 2005. So that gave him a deadline of March 3, 2005. Although he hired a lawyer and completed his application in July of 2004, his lawyer never got it together, never filed the motion to remand, never filed the motion to reopen. As a consequence, his motion was deemed late. Now, we argued to the Board that the motion should be accepted pursuant to the doctrine of equitable tolling, because there was ineffective assistance of counsel here, and that Mr. Singh had acted with due diligence in discovering that. In this particular situation, the Board rejected that, saying that although the application was or the motion was filed late, he wasn't prejudiced by the late filing because he had rendered himself ineligible for adjustment of status because he'd overstayed his voluntary departure period. The decision here, there are a couple of things I want to point out. First, they say in footnote 3 of their decision that even if the Respondent could establish that ineffective assistance of counsel prevented him from complying with the requirements of his voluntary departure order, Section 240Bd of the Act would nevertheless bar him from qualifying for adjustment of status. Well, that particular statement is inconsistent entirely with the precedent that was issued thereafter in this case called Matter of Zimijewski, which I'm going to refer to as just Matter of Z. I was wondering how you're going to handle that. Because in Matter of Z, the Board specifically held that ineffective assistance of counsel can excuse application of 240Bd where it renders the failure to depart other than voluntary. In that case, the alien was never informed of the Board's decision, which included the voluntary departure order, until after the voluntary departure period had expired. And so the Board said since the alien didn't know about the Board's decision, we can't say that he voluntarily failed to depart, which is what the statute requires. Now, our case is a little bit different in that here the alien, the petitioner in this case, he learned of the Board's decision. He knew that the BIA had actually rendered the decision, but he never knew that it contained that he was granted a 30-day period of voluntary departure. Now, the Board, they simplify this, and they simply say, well, he didn't know because he didn't read the order. But that's not exactly true. At least that's not the end of the story. What happened here is he went to see his lawyer, who's since been disbarred by the State of Washington. He can no longer practice law. But he went to his lawyer, and he asked his lawyer, because the decisions are mailed directly to the lawyer. But at this point in time, they weren't mailed to the client. Nowadays, that's different. But back then, though, only the lawyer got a copy. He went to the lawyer, and he said, I couldn't read it in English, so I asked my lawyer, Mr. Ponder, to explain the decision to me. Mr. Ponder did not. He told me not to worry. He received documents like this frequently. And he goes on to say in his affidavit, he did not tell me anything about the voluntary departure period or the fact that the Board had granted me 30 days in which to depart. Now, this is kind of a big deal, because this is an odd case, because this guy actually was never even eligible for voluntary departure. Voluntary departure at the conclusion of removal proceedings is only available to somebody who had been physically present in the United States for more than a year by the time he served with the notice to appear. Now, in this case, it's absolutely clear that he didn't have the requisite one year. He was not eligible for adjustment of status. He entered the United States May 22, 1998. The NTA was issued August of 1998. He didn't have the one year. He wasn't eligible for voluntary departure. But the Board, and when he went in for his original hearing, his lawyer didn't ask for voluntary departure. And the judge told him on page 245 of the record, told him, this guy's not eligible for voluntary departure. But nevertheless, the case got transferred to a second judge. Second judge erroneously grants him voluntary departure. The Board perpetuates that error. He goes to see his lawyer. He's not eligible for voluntary departure, but the Board granted him voluntary departure. His lawyer doesn't explain that the Board had erroneously granted you voluntary departure. So he didn't know. So he doesn't comply. This is much like matter of Z. He didn't know about the voluntary departure grant. He wasn't eligible for voluntary departure.  He can't be considered somebody who voluntarily failed to depart. And as a consequence, you have to find that the Board's conclusion here, that there's no prejudice from the failure to file the motion to reopen in a timely fashion, is incorrect. Now, the Board never addressed any of the other issues relating to tolling. The Board's decision is very confused. We're arguing tolling, and they're talking about sua sponsa reopening. We never made a suggestion for sua sponsa reopening in this case. But for tolling to apply, there has to be two things. There has to be ineffective assistance of counsel in this case, the only issue they addressed. And then there has to be a showing of due diligence. The Board didn't address that question. The only issue that the Board raised here was, was there IEC? There's plainly IEC. The motion was filed late. There's plainly prejudice because he was never informed of the voluntary departure orders. Hence, he had no ability to comply with it. Now the case has to go back so the Board can consider the remaining question, which is, did he exercise due diligence? Did he exercise due diligence with respect to? Discovering the IEC and thereafter making his motion. But you're saying the Board characterized the failure to comply with voluntary departure as almost sort of an absolute disqualification. Yes. And you're saying there are two problems with that. One problem has to do with ineffective assistance of counsel and whether or not he knew about that. And the other is even the underlying order, which is granting him voluntary departure, which he was then not entitled to. Yeah. I'm saying there's a threshold question. There's plainly error in that he filed his motion late. The Board then said, well, there's no prejudice because you were ineligible for voluntary departure. And they took that absolute position. You're ineligible. Well, that absolutist position is inconsistent with Matter of Z. But also, applying Matter of Z to the facts of this case, given the fact that this guy was never eligible for voluntary departure in the first place, his lawyer never told him about the voluntary departure, it seems to me to flow from that under Matter of Z that he can't be considered somebody who voluntarily failed to depart for purposes of that statutory provision. Judge Fletcher, do you have any questions? No. It's a puzzling case. Yes. I'll be interested to see what the government has to say. Okay. Very good. Good morning, Your Honors. Jessica Siegel for the government. There are three allegations of ineffective assistance of counsel that were raised in this case. The first was that Mr. Singh, none of which Mr. Singh has established. Mr. Singh has failed to demonstrate that he was prejudiced by his attorney's failure to file a motion to reopen when his I-130 visa petition was approved. He also failed to establish that he diligently pursued a claim for ineffective assistance of counsel when he did not himself review the voluntary departure order. And finally, he failed to establish that his prior attorney was ineffective by failing to file a motion to stay the voluntary departure period. Those are the three allegations of ineffective assistance that were raised in the motion to reopen. Just a couple of points of clarification to start. Mr. Singh was not actually immediately eligible to adjust status upon his marriage to a United States citizen. There are a number of procedural hurdles, not the least of which is the filing of this I-130 visa petition. That was filed after, it was filed, it was approved in April of 2005. It was filed in July of 2004. So he could not have filed a motion to reopen until he'd made those procedural steps in applying for the visa petition as well as the adjustment of status application. So it wasn't immediately when he was married. No, but it's approved now. It is approved now. And the second point of clarification. It's been approved since 2005. Yes, and it was approved after Mr. Singh overstayed his voluntary departure order. So what do you make of the argument that the voluntary departure order was issued in error? It's irrelevant at this point. Well, do you agree with it? Yes, it was issued in error, but first of all. Okay. So how can the Board then say, we issued a voluntary departure order in error, and because you didn't follow it, you are now ineligible? That's not what the Board said. It came close to saying that. It did, but that's not exactly what it said. On page 3 of the Board of the record, which is the second page of the Board's decision, there are three separate paragraphs. The first paragraph discusses the prejudice in relation to the I-130 being approved after the voluntary departure order was expired. And the Board. So let me stop you there. If the Board had really understood that the voluntary departure order was erroneously issued in the first place, would its decision have been different? No, because the Board's decision flatly says that Mr. Singh was not prejudiced by any alleged ineffective assistance. And even if the voluntary departure order had never been issued, Mr. Singh would still be ineligible to adjust status, because he did not file a motion to reopen within 30, within 90 days of his, you know, removal order, and there would be. The portion of the plaintiff's brief, the appellant's brief, as it says, if he had filed these things, he would have gotten them. In other words, there was no strategic reason not to file a motion to reopen given Mr. Singh's status. It is 100 percent error not to have done these things. That's actually not true. Mr. Singh could not have filed a motion to reopen while he had a pending voluntary departure order. The voluntary departure order. But, counsel, it seems to me you're just talking in circles. We all agree, apparently, that this voluntary departure order should not have been issued. Is that right? I only want to hesitate because that is an entirely unexhausted claim, and so I cannot speak to it at this point. That specific issue has not been raised at any point before the Board, before this case. The Board issued the voluntary departure order erroneously. What Mr. Jobe is saying, look, let's send it back to the Board and let it sort it out once it understands that it issued this erroneous order upon which it predicated at least some of this decision. But Mr. Jobe did not ask the Board to reopen the proceedings based on an erroneously issued voluntary departure order. He asked the Board to reopen proceedings based on allegations of ineffective assistance of counsel. So that's an entirely unexhausted claim that this Court cannot consider. Well, though, he raised all of this in the context of the IAC claim. Well, let's get back to, I guess, the IAC claim. The Board categorized one of the counsel's decisions as tactical. I fail to see how it could be possibly considered as tactical. I mean, just because you made a decision doesn't necessarily make it a tactical decision, because it has to have some possible chance of success. So just explain to me why putting yourselves in the shoes of the Petitioner's then-counsel, why that would have been considered a reasonable strategic decision. I have a couple of answers to that question, Your Honor. The first is the tactical decision, which is discussed in the third paragraph on that second page of the Board's decision, was just that. It was a tactical decision. Everybody can agree that it was a poor tactical decision, but it was a tactical decision. What is the conceivable tactic it was implementing? He had applied the – that attorney had filed numerous other correspondences, applications, motions. He had filed a motion to remand with the Ninth Circuit. He had filed a motion with the Board. He filed the application to adjust status. And the motion to remand with the Ninth Circuit was simply wrong and impossible and there was no jurisdictional basis for it? Well, he had filed – no, the motion to remand before the Ninth Circuit was filed in the prior petition for review in relation to him now having a approved I-130 and being eligible to adjust status. Yeah, but is it possible because the remand wouldn't have accomplished anything? We would lack the – I think the government would argue we lack the authority to remand on the I-130. You'd agree with that? I would agree that if the – We lack jurisdiction. I was just thinking of the procedural context of that petition for review at that time. At that point, it was a petition for review, correct. Right. But there were numerous other – yes. Let's take it slow down one thing at a time. So the government would have argued, and it probably did, I haven't looked it up, argued that the motion to remand was improper because we lacked jurisdiction to do so. I mean, so the question I have, and we deal with all this time, not only in this context but in the habeas context, it has to be a reasonable tactical decision. So explain to me how it can be a reasonable tactical decision to forego a viable course of action in favor of a course of action over which we would lack jurisdiction. Because a motion to stay a voluntary departure is not an automatic, does not automatically grant the motion. There is a substantive argument that must be made as the same for a motion to stay removal. And there is no evidence in the – But it's so likely under this set of facts that it would have been granted. No. I would disagree with that, Your Honor. It's not likely that a motion to stay the voluntary departure period would have been granted. He must have shown at that point that he would have a likelihood of success on the merits of that petition for review. I think maybe you're misinterpreting my question. The question is not whether he would have been successful, conclusively successful. We'll never know that. But whether he had a – it was the only reasonable chance he had. What were the other reasonable alternatives he had that were better than filing that motion? I'd like to answer that question in context of also answering your prior question of how this is a tactical decision. It was a tactical – Counsel, counsel, how can we ever have something be a tactical decision when it's very clear that the lawyer doesn't have a clue as to what he should be doing, or she – it's – how can that ever be tactical? Well, that would be a different case – You can roll it into one big answer. I will roll it into one big answer. That would be a different situation than the case we have here today, Your Honor, because this attorney did have a clue. He did not make the wise tactical decision in this case. That is true, but he did have a clue. If you look at the procedural history of what happened in the context of Mr. Panter's representation, he was diligent in filing numerous applications to the CIS, to the board. I mean, even starting – Mr. Singh married in May of 2004, and Mr. Panter filed various filings in July, in August, in October, in January. He had meetings with Mr. Singh. He discussed – Well, absolutely, but he didn't know what he was doing, and almost all of his filings were just non-starters. They shouldn't have been filed. No, that's not true. If not for Mr. Panter's filings, Mr. Singh would not have an approved I-130, and he would not have been – No, but I think you're confusing perhaps one of our questions, which is the IAC here was not filing the motion, and the board said that was a tactical decision because he wanted to file a frivolous motion with the Ninth Circuit. That's the way I read what the board said, if you drain it down, and I think we can all agree. I mean, you weren't on the board. You have to defend him, but you weren't there. But it doesn't make any sense to me to say we can excuse this attorney's filing – not filing this motion based on something that was a complete non-starter. Now, he may have been diligent in other respects, but the tactical reason he didn't file it was because, he said, I've got the Ninth Circuit remedy, which was – which you would concede. We just don't – we wouldn't have jurisdiction. In fact, we flat denied it without it summarily. Well, the court did deny the motion to remand. And the government would say properly, right? We weren't in error. I can't speak to it honestly. I mean, yes, perhaps, but it's irrelevant. The tactical portion of this is not just because that would have been what maybe any person in this room might have done. It's that we don't – that motion was not a guaranteed success. He would have had to establish that there was a likelihood of success on the merits. He would have to have established that there would be irreparable harm. And we can maybe all agree that maybe he could have established those things, but he didn't make any efforts to show that. And at no point has anybody made any efforts to show that such a motion would have had merit and therefore would have been granted or that the Department of Justice would not have opposed it, et cetera, et cetera. There are numerous other steps that could have affected the success of that motion is what makes it a tactical decision. And it's no different or similar to, at least, an alien's attorney withdrawing an asylum application and accepting voluntary departure, which only gives an individual perhaps 60 days to voluntarily depart the United States, whereas an asylum application would have allowed that person to stay in the United States a lot longer and then perhaps adjust status at a later point. This Court has found numerous times that the withdrawal of an asylum application in lieu of voluntary departure is a tactical decision that cannot be an effective assistance, even if unwise in hindsight. But it's one thing to say I'm choosing course A, which is valid and conceivable, rather than course B, which is also valid and conceivable. In this situation where he says I'm choosing course B, which has no basis whatsoever, rather than course A, which had some basis. I mean, he files a motion to remand with the BIA in light of Mr. Singh's marriage. The motion then fails to include the required filing fee. It is untimely. He fails to make any argument that the time period for filing the motion to reopen should have been equitable to be told. So unless we want to say that effective assistance of counsel means going through the motions, literally, whether they have a basis, whether they make any sense, which would, it seems to me, gut ineffective assistance of counsel in this setting. I see that I've gone way over my time, and I just want to conclude in saying that perhaps, perhaps Mr. Pantier was ineffective and perhaps, you know, put aside the diligence issue, which was addressed in the second paragraph of the Board's decision. That wasn't overlooked by the Board. The Board did say that Mr. Singh did not diligently pursue his claims. But also, at the bottom, Mr. Singh has no possibility of relief. He cannot show prejudice. He is barred for 10 years because he overstayed the voluntary departure period. That cannot be undone. There are no exceptions to it. He cannot show prejudice because he is entirely ineligible to adjust status at this point. He could adjust he could adjust status abroad through the consulate. He even had a consulate appointment. He has that avenue available to him. But he's His failure to comply with voluntary departure in the face of this lawyer does not excuse. The bar is a no matter what kind of bar? Yes. As this Court recognized in Singh, as the Supreme Court has recognized in Datta, as this Court also recognized in Atamian and Antonian, all of those cases has recognized that this is an absolute bar and there is no avenue for relief for Mr. Singh. And in the Matter Z did not change that? No. Matter Z did not change that because Matter Z solely says that somebody must voluntarily fail to depart. And it analyzed that language specifically. Here Mr. Singh did voluntarily fail to depart. He had But voluntarily failed to depart based on a lawyer who was essentially a nonentity? Yes. Essentially. And he also failed to depart in order that was invalid in the first place, in which you're barring him 10 years from coming back. Do you find irony in that? Completely tied. He's barred. There's nothing that this Court can do. If this Court were to even remand it to the board, there's nothing the board can do. He is barred. Let me ask you this. Let me interrupt one. You referenced diligence. Where's the diligence finding? In that second paragraph of the board's decision, it discusses it. Of course, it does not use the word diligence. There's no diligence finding. It just said he didn't – he's a fair explanation for failure to confirm the contents of his institution. Correct. He received the notice. He noticed he did not confirm the contents of that notice. That is in line with all of the diligence cases. So Popley's – Well, perhaps. But, you know, usually the board, if they find – make a diligence finding, they say so expressly. I wish they had used those words here as well, but that is the line of reasoning that they're following is the diligence reasoning. Any further questions? Thank you, counsel. Thank you, Your Honors. Mr. Jobe. It seems to me that whether the failure to file, for example, a motion for a stay of the voluntary departure period is a tactical decision or a simple incompetence, that's a factual question. And the board has a mechanism for developing the record on this sort of issue, and that's a matter of LOSADA. We were required to inform the attorney of our allegations against him, and he had an opportunity to respond. That's how the record is developed. We said you were incompetent, you didn't file a stay motion. He didn't respond. There's no evidence in the record to support this conclusion that this was a tactical decision. He had an opportunity to present evidence arguing that this was a tactical decision, but he didn't. Instead, the board simply speculated, in the absence of a response from the attorney, that this was a tactical decision. They can't do that. If the lawyer chooses not to come forward and argue that he made a tactical decision in the face of an allegation that he was incompetent, the board can't substitute its speculation for that lack of evidence. Now, ultimately, it seems to me that this case is just, it's a logical extension of Matter of Z. I mean, the only difference between this case and Matter of Z is that here, Mr. Singh knew of the board's decision. He knew that the board had denied his appeal, but he didn't know that they had granted him, unlawfully, voluntary departure. And it's the unlawful nature of the order that's important. You can't presume that he would have known that. Somebody had to inform him of that. He asked his lawyer to explain the decision. The lawyer didn't do so. The decision included an unlawful grant of voluntary departure that he would have not known about otherwise. The lawyer didn't inform him. So we can't say that he voluntarily failed to depart. It's a logical extension of Matter of Z. Any questions? Thank you, counsel. Go ahead. It's very odd for us to talk about an order granting him voluntary departure when that order is itself invalid. Exactly. So I have a great deal of trouble logically with this case, but we'll see what we do. The statute says an alien who is permitted to depart. There's an ambiguity there. The judge granted it, but is he really somebody who is permitted to depart voluntarily under the law? He's not. Of course, the board erroneously grants voluntary departure, and he took advantage of it in the time period. That might be another story. I assume what your argument is is not necessarily it's void app initio, and we have to automatically grant, but it's a part of the consideration of the equitable tolling. Exactly. And it goes to whether he voluntarily failed to depart because it was unlawful. He can't be presumed to know about an unlawful order unless somebody tells him. His lawyer didn't tell him, and the lawyer was ineffective in that respect. Okay. Thank you. Thanks very much. The case just heard will be submitted for decision. Thank you both for your arguments.
judges: Gertner, Fletcher B. , Thomas